MARTHA CRAIG DAUGHTREY, Circuit Judge,
concurring.
I concur in the majority’s determination that the district court did not abuse its *281 discretion in granting Collins Inkjet Corporation a preliminary injunction in this matter. I write separately, however, to express my belief that the majority’s discussion expounds upon considerations not necessary to resolve the dispute now before us. Rather than subscribe to the majority’s formulation of a decisional framework applicable to all tying arrangements — a broader sweep than is required — I would simply hold that where a defendant, like Eastman Kodak Company, has a 100-percent monopolistic share of the market for a tying product, it may not price a tied product, for which it does not control the relevant market, below its costs without running afoul of the provisions of the Sherman Act. We have been asked to resolve nothing more than that question raised by the unique facts of this case, and I would venture no further in our analysis.